BOUBDIN, J.,
delivered the opinion • of the court.
'*This is an appeal by A. G. Dabne3’ from a decree of the Circuit court of Bynchburg, entered in a suit brought against said Dabney by the personal representatives of Pleasant Preston, deceased, and S. C. Hurt, as surviving partner of the firm of Hurt & Preston, which consisted of said S. C. Hurt and Pleasant Preston, deceased.
The suit was brought to obtain an account and settlement of certain transactions growing out of a contract entered into about the first day of February 1856, between said firm of Hurt & Preston, by S. C. Hurt of the one part, and said A. G. Dabney of the other part; and it was so proceeded in that on the 20th day of November 1871, the cause came on to be heard on the bill set for hearing as to one of the defendants, and on the bill, answers and exhibits filed, as to the other defendants, without replication to the answers; and the court, after settling an important principle in the cause, ordered sundry accounts to be stated and settled by one of its commissioners.
Prom that decree A. G. Dabney, the part}’ mainly affected thereby, applied to a judge of this court for an appeal, and prayed a supersedeas. The appeal was allowed and supersedeas awarded.
At the next term of the Circuit court after the decree aforesaid was rendered, and after the case had been taken to this court by appeal and was here pending, the plaintiffs below moved the court to amend the record and allow them to file a replication to A. G. Dabney’s answer, to be entered nunc pro tunc. Notice of the motion was given to Dabney, and it was duly heard on affidavit and arguments of counsel; and thereupon the court entered an order allowing the replication “to be entered nunc pro tunc as an act of the last term, and to have the same effect as if it had been then entered before the hearing.
*'The proceedings on this motion appear in a supplemental record attached to the record on which the appeal was allowed; and the legality of this action of the court, and its effect on the previous decree, constituted the chief subjects of discussion before this court.
The question is interesting, and was earnestly and ably argued by counsel on both sides; but the decision thereof is rendered unnecessary by the view taken by this court of a question of practice, raised by the record, but not noticed at the bar.
The bill shows on its face, that at and before the institution of this suit, S. C. Hurt, one of the plaintiffs therein, had been *578 duly declared a bankrupt, and, of course, all his rights of property and action, existing at the date of his bankruptcy, passed from him and vested in his assignee in bankruptcy, who alone could legally assert such rights; and it further appears from exhibit S. C. H., filed with and as part of the bill, that as far back as January 4th, 1861, all Hurt’s interest in the firm of Hurt & Preston, and in several other concerns therein mentioned, including the Phoenix foundry, one of the subjects of controversy in this suit, had been assigned to Hurt & Preston for proper settlement of accounts, and after paying to his partners respectively all balances that might be due from him to them, the surplus, if any, was to be paid to Robert W. Crenshaw. His entire beneficial interest in this suit, then, long before its institution ha'dbeen transferred, subject to the rights of his co-partners, to said Robert1 W. Crenshaw, and all his other interests and rights of every description, whether of action or of property, had, from the date of his bankruptcy, vested in his assignee. Whether the assignee in bankruptcy was directly interested in the issue of this suit *or not, depends on the character and purpose of the assignment to Crenshaw. If that assignment was in payment of a debt, or merety for collection, then, in either event, the as-signee was directly interested in watching the settlements and swelling the surplus.' It is apparent that Hurt had no beneficial interest in the litigation; and that his as-signee in bankruptcy and Robert W. Cren-shaw, one or both, subject to the rights of his partners, represented his entire beneficial interest in this suit. That interest is material and substantial; and, according to the well established practice of courts of equity, the assignee in bankruptcy and Robert W. Crenshaw should have been parties to this suit.
It is an old and familiar rule of equity that “all persons materially interested in the subject of controversy ought to be made parties in equity; and if they are not the defect majr be taken advantage of either by demurrer or by the court at the hearing.” And if the defect be apparent on the face of the record, although the bill was not demurred to in the court below, nor the defect noticed by that court at the hearing, it will be noticed at the hearing in this court, and the decree reversed for that cause. These principles have been recognized and affirmed by this court as well established rules of equity, in cases too numerous to mention. In Sillings v. Bumgardner, guardian, 9 Gratt. 273, 275, Judge Moncure delivering the opinion of the court says: “But the counsel for the appellee contended that this objection not having been made in the court below, now comes too late. But it was not waived in the court below; the want of parties appeared on the face of the bill; and in such cases it is well settled that the objection is fatal in the appellate court, though not taken in the court below. ’ ’ Citing *2 Rob. Prac., 273, 433, and cases cited; Richardson’s ex’or v. Hunt, 2 Munf. 148; Sheppard’s ex’or v. Starke & wife, 3 Munf. 29; and the principle has been reaffirmed to its full extent in the most recent case in this court on the subject,. Armentrout’s ex’or v. Gibbons, supra 371, where some of the numerous decisions of this court on the question are cited.
The practice of the United States Supreme Court accords with that of this court. Hoe et al. v. Wilson, 9 Wall. U. S. R. 501. In that case, after stating that the rights of persons not parties would be materially affected by a decree in the cause, the court say, p. 504, “According to the settled rules of equit3 jurisprudence the case cannot proceed without their presence before the court. The objection was not taken by the defendant, but the court should, sua sponte, have caused the bill to be properly amended, or have dismissed it, if the amendment were not made. Instead of this being done, the case was heard and decided on its merits. This was a manifest' error. The decree must therefore be reversed and the cause remanded to the court below. In that court both parties can take leave to amend and can modify their pleadings so as to exhibit the case as they may desire respectively to present it. ’ ’
We are therefore of opinion that the Circuit court erred in entering a decree settling an important principle in the cause in the absence of the assignee in bankruptcy of S. C. Hurt and of Robert W. Crenshaw as parties to the suit.
■ And without deciding whether the case, as shown by the supplement to the record, was or was not a proper case for allowing a replication to be filed and entered nunc pro tunc, or whether the supplement to the record can or can not be considered by this court *as part of the record, we think it proper to say that in our opinion it was clearly error in the Circuit court to allow it to be so filed without requiring the plaintiffs below to pay the costs of the amendment; and without allowing the defendant Dabney time to take testimony to meet the new phase of the case presented by the issue thus taken on his answer.
The decree of the Circuit court of the 20th November 1871 must be reversed and annulled with costs to the appellant, and the cause remanded to said Circuit court with instructions to require the plaintiffs below to amend their bill, and make Robert W. Crenshaw, and the assignee in bankruptcy of S. C. Hurt, parties to the suit; and liberty must be allowed to both parties, should they desire it, to amend and modify their pleadings, so as to exhibit the case, as they may desire, respectively to present it.
The decree was as follows:
This day came again the parties by counsel, and the court having maturely considered the transcript of the record and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that it plainly appears on the face of the bill that before the institution *579 of this suit, S. C. Hurt, one of the plaintiffs below, had been duly declared a bankrupt, and that his assignee in bankruptcy was a necessary party to this suit to assert and protect any interest of the bankrupt, direct or indirect. And the court is further of opinion that it also plainly appears from exhibit (S. C. H.) filed with the bill, that after full settlement of the accounts of the several firms therein mentioned, and payment to them of whatever might be due by Hurt, the entire residue of Hurt’s interest, if any, in the subject of this suit was transferred, or ordered x’to be paid, to Robert W. Crenshaw. It is obvious, therefore, that Crenshaw is directly interested in the matter in controversy, and should also have been made a party to the suit before any decree settling the principles of the cause could be properly entered. It is therefore decreed and ordered, that the decree of the 20th day of November 1871 be reversed and annulled, and that the appel-lees do pay to the appellant his costs by him about the prosecution of his appeal in this behalf expended.
And the cause is remanded to the said Circuit court, with instructions to that court to require the plaintiffs to amend their bill, and make the assignee in bankruptcy of S. C. Hurt and Robert W. Crenshaw, parties to the suit; that liberty be allowed the parties respectively, if so desired by them or either of them, to amend and modify their pleadings, so as to exhibit the case, as they may desire respectively to present it.
Decree reversed.